**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X
SKYLINE RISK MANAGEMENT, INC.,

        Plaintiff-Counterclaim-Defendant,       **ORDER**

        -against-       **20-CV-8395 (PGG) (JW)**

YANNIS LEGAKIS and LACONIC RISK
SOLUTIONS,

        Defendants-Counter-Claimants.
------------------------------------------------------------------X

**JENNIFER E. WILLIS, United States Magistrate Judge:**

Following several extensions of the discovery deadline for the taking of Plaintiff's corporate-representative deposition, on February 17, 2023 Defendants filed a Motion for Sanctions ("Motion" or "Mot."). Dkt. No. 172. On April 7, 2023, Plaintiff filed their Opposition to the Motion ("Opposition" or "Opp."). Dkt. No. 186. On April 14, 2023, Defendants filed their Reply. Dkt. No. 187. This decision follows.

## BACKGROUND

Discovery in this case has been on-going for several years. While several discovery issues have arisen over that time, this Motion centers on an issue first raised to the Court on December 9, 2022. Defendants filed a letter with the Court noting that a discovery deadline was fast approaching, but that they had had no success in scheduling the deposition of Mr. George Menexas, Federal Rule of Civil Procedure ("FRCP") 30(b)(6) witness for Plaintiff. Dkt. No. 158.

On January 12, 2023, Defendants filed a letter-motion to compel Mr. Menexas's deposition after he failed to appear for his scheduled deposition. Dkt. No. 161. In

that letter-motion, Defendants "request[ed] that this Court enter an Order compelling Mr. Menexas to appear for deposition by or before January 31, 2023. Additionally, Defendants request[ed] that should Mr. Menexas fail to appear for deposition by January 31, 2023, Defendants be permitted to move for sanctions against Plaintiff, including but not limited to seeking adverse inferences." Id. at 2. On January 19, 2023, the Court granted that letter-motion to compel, and ordered Plaintiff to "produce an adequate 30(b)(6) for deposition by January 31, 2023." Dkt. No. 165.

On January 31, 2023, Defendants filed a letter-motion requesting leave to file a motion for sanctions, noting that "despite follow up no 30(b)(6) deposition was ever scheduled." Dkt. No. 166. Leave to file this Motion was granted on February 8, 2023. Dkt. No. 170. The Court notes that in the intervening time, Plaintiff has obtained new counsel. Dkt Nos. 175 (withdrawal of prior counsel), 184-185 (appearances of new counsel).

## **LEGAL STANDARD**

FRCP 37 governs depositions, and subpart (b) describes the sanctions available when a party does not obey a discovery order. See Fed. R. Civ. P. 37(b). Rule 37 suggests several possible sanctions if a witness fails to obey an order to provide discovery including: "(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

2

(iii) striking pleadings in whole or in part; (iv) staying further proceedings until the order is obeyed; (v) dismissing the action or proceeding in whole or in part; (vi) rendering a default judgment against the disobedient party; or (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination." Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii). Rule 37 further states that in addition to the previously mentioned sanctions, "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C). Furthermore, Rule 37 imposes a specific sanction if a party or a party's officer fails to appear for their deposition, and states that "the court must require the party failing to act, the attorney advising the party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3).

"[D]istrict courts possess 'wide discretion' in imposing sanctions under Rule 37." Shcherbakovskiy v. Da Capo Al Fine, Ltd., 490 F.3d 130, 135 (2d Cir. 2007) (citing Daval Steel Prods. v. M/V Fakredine, 951 F.2d 1357, 1365 (2d Cir. 1991)). Without limiting the discretion available to the courts in applying Rule 37, this Circuit has identified factors that can be useful in making the sanctions determination: "(1) the willfulness of the noncompliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of

noncompliance; and (4) whether the non-compliant party had been warned of the consequences of noncompliance." S. New Eng. Tel. Co. v. Global NAPs Inc., 624 F.3d 123, 144 (2d Cir. 2010).

## DISCUSSION

Defendants request three different types of sanction. First, they ask that the Court dismiss this action as to Plaintiff's claims, and find a default judgment in favor of their own claims. Mot. at 12. Second, Defendants ask in the alternative that they be granted an adverse inference precluding evidence supporting Plaintiff's claims. Id. at 17. Third, Defendants seek fees and expenses associated with Mr. Menexas's failure to appear at the scheduled depositions, as well as those associated with this motion for sanctions. Each will be addressed in turn.

### A. **Whether dismissal and default, or an adverse inference, is an appropriate sanction.**

Defendant seeks dismissal of Plaintiff's claims, and the finding of a default judgment in favor of their cross-claims. In the alternative, Defendants seek an adverse inference. As a general rule, the judicial system prioritizes the resolution of cases on the merits. See, e.g., Am. All. Ins. Co., Ltd. v. Eagle Ins. Co., 92 F.3d 57, 61 (2d Cir. 1996) (stating that "public policy favors resolving disputes on the merits"); Cody v. Mello, 59 F.3d 13, 15 (2d Cir. 1995) (collecting cases regarding the preference for resolution of cases on the merits). Both of these proposed sanctions would not constitute an evaluation of the merits of this case, and as such constitute more extreme remedies. While the Court does not condone Mr. Menexas's behavior, it does not yet warrant such an extreme sanction.

4

The Court will extend the period for fact discovery in this case until May 31, 2023, for the sole purpose of allowing Defendants to take the 30(b)(6) deposition, regardless of whether that deponent is Mr. Menexas or another witness. **If by that deadline the 30(b)(6) deposition has not been completed, then the Court will see no choice but to impose an adverse inference.**

B. **Whether fees and costs are an appropriate sanction.**

Defendants also seek fees and costs associated with Mr. Menexas's failure to appear for his deposition. Rule 37 is clear on this point. A party's failure to sit for their own deposition is a significant enough problem to warrant its own discussion under the Rule. See Fed. R. Civ. P. 37(d). Mr. Menexas was noticed for his deposition and expected to sit as the Rule 30(b)(6) representative for Plaintiff Skyline. He did not. He was given extensions and multiple opportunities to comply but did not, even after the motion to compel was granted. The order granting the motion to compel even allowed Plaintiff to proffer a different Rule 30(b)(6) deponent; they did not. Dkt. No. 165.

Pursuant to Rule 37(d), "a court 'must' require the recalcitrant party or its attorney or both 'to pay the reasonable expenses, including attorney's fees, caused by the failure'" to appear for a properly noticed deposition. John Wiley & Sons, Inc. v. Book Dog Books, LLC, 298 F.R.D. 145, 148 (S.D.N.Y. 2014). Mr. Menexas was properly noticed for his deposition, and yet did not appear.

Plaintiff argues that "the default of the Plaintiff in appearing for its deposition should be excused due to the failures of prior counsel to keep Skyline properly

5

informed of its obligations and deadlines set by the Court." Opp. at 12. The Court does not find this persuasive. Even in the context of criminal law, there is a presumption that counsel is adequate, and the presumption must be overcome with evidence demonstrating counsel's deficient performance. See Burt v. Titlow, 571 U.S. 12, 23 (2013). Applying the same standard in this civil case, where there are no Constitutional rights at stake, there is no evidence showing that Plaintiff's prior counsel was derelict in his duties to his client.[1]

Plaintiff concedes that if the Court finds the default sanctionable, costs and fees are owed. However, Plaintiff argues that "none of the fees were incurred due to the default of Skyline in appearing for a deposition." Opp. at 12. Defendant seeks an order "requiring Skyline to pay Defendants' reasonable expenses and attorneys' fees for filing this motion and the letter motions informing the Court of Skyline's failure to comply with its discovery obligations, as well as costs for the deposition court reporter, travel to the deposition, and exhibit binder costs." Mot. at 21.

The Court will begin by finding that the court reporter, travel, and exhibit binder costs should be awarded to Defendants. All those costs are directly tied to the deposition itself, and Mr. Menexas's failure to appear for his deposition directly caused Defendants to waste the money spent on these elements, all of which are standard to a deposition. See, e.g., Burks v. Stickney, 837 F. App'x 829, 832-833 (2d

---

[11] Additionally, the Court reviewed documents *in camera* in connection to prior counsel's motion to withdraw, which did not indicate any dereliction of duty by prior counsel.

Cir. 2020) (upholding a sanctions award for the expenses incurred by "a party's failure to attend his own deposition").

The Court also finds that Defendants are entitled to the fees and costs of preparing the initial letter motions as well as the main motion for this sanctions issue. Burks, 837 F. App'x at 833 ("Reasonable fees may include attorney's fees and costs in connection with filing a motion for sanctions.") (citing John Wiley & Sons, Inc., 298 F.R.D. at 151). While Plaintiff raises some issues in connection with the billing practices reported by Defendants' counsel, the Court does not find that it rises to the level of unreasonable behavior. Plaintiff may not like that Defendants' counsel spent so much manpower on this motion and the prior letters; however, that work was done to remedy Plaintiff's delinquent conduct.

## CONCLUSION

Defendants motion for sanctions, Dkt. No. 172, is **GRANTED IN PART**. Defendants are awarded sanctions for the fees and costs associated with the deposition, as well as work associated with this motion. Defendants are ordered to file an updated request for fees including the fees noted in footnote 3 of their Motion. The Court will review those fees, and determine if further briefing is required.

Fact discovery is extended until **May 31, 2023** for the sole purpose of taking the 30(b)(6) deposition of Plaintiff's corporate representative.

SO ORDERED.

DATED:   New York, New York
         April 26, 2023

*Jennifer E. Willis*
JENNIFER E. WILLIS
United States Magistrate Judge