**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X

SKYLINE RISK MANAGEMENT, INC.,

            Plaintiff-Counterclaim-Defendant,

           -against-

YANNIS LEGAKIS and LACONIC
RISK SOLUTIONS,

           Defendants-Counter-Claimants.

**ORDER**

**20-cv-8395 (AS) (JW)**

------------------------------------------------------------------X
**JENNIFER E. WILLIS, United States Magistrate Judge:**

    Before the Court is Defendants' application for costs and fees, Dkt. No. 197, related to sanctions previously granted by this Court. Dkt. No. 188 ("Prior Order"). The Court presumes familiarity with the factual background of the case and the Prior Order, and only states background necessary to resolve the instant dispute over the amount of attorneys' fees and costs owed.

    Defendants filed an initial fee request including work not covered in the Prior Order. Dkt. No. 189 ("Def. Initial Request"). Plaintiff opposed Def. Initial Request arguing that (i) the rates of counsel for the Defendants were excessive compared to other fee awards in this District, (ii) Defendants did not provide background and experience of counsel necessary for the Court to determine the reasonableness of the rates requested, and (iii) billing was grossly exaggerated. Dkt. No. 192 ("Pl. Opp."). On June 29, 2023, this Court issued an order giving Defendants the opportunity to

respond to Pl. Opp. and requesting a revised fee list to narrow the fees to comport with the Court's Prior Order. Dkt. No. 195. This Court noted that it did not find "fees regarding general deposition preparation [] warranted" because Defendants were able to depose Menexas at a later date. Id.

On July 14, 2023, Defendants submitted a revised fee list alleging that rates of Defendants' counsel are reasonable given the complexity of the action and providing support for the qualifications of the billing timekeepers. Dkt. No. 197 ("Def. Reply"). Defendants request that this Court grant sanctions at a rate of $730 for law partner Evan Michailidis, $550-$595 for associate Vanessa Destime, and $395 for paralegals Brooke Burschlag and Veronica Velasco. Def. Reply, Exhibit 1. In sum, Defendants request a total of $54,502.50 in fees and $6,130.43 in costs. Def. Reply at 1.

On June 29, 2023, Defendants filed a motion for conference alleging that during the Menexas deposition he raised for the first time a new theory on the trade secret claim related to Proper Risk software. Dkt. No. 196. Defendants noted that in preparing for the Menexas deposition, they spent time reviewing an analyzing Plaintiff's "representative sample" trade secret claim, which was rendered unnecessary during the deposition. Id. at 1. Later, on August 15, 2023, the Parties were heard in a conference and Plaintiff's counsel stipulated that Plaintiff did not intend to use allegations about Proper Risk software to support the trade secret claim. Dkt. No. 200.

On November 3, 2023, Defendants filed a letter to notify this Court that Plaintiff withdrew the trade secret claim. Dkt. No. 211. Defendants alleged they "spent a substantial amount of time, expense, and resources . . . preparing for Mr. Menexas' deposition" and requested that the Court "grant the entire award requested by Defendants" in their initial motion for sanctions at Dkt. No. 172. Id. at 2.

## LEGAL STANDARD

When determining the amount of an award of attorney's fees in a civil case, Courts use the "lodestar" method. (RC) 2 Pharma Connect, LLC v. Mission Pharmacal Co., No. 21-CV-11096 (LJL), 2023 WL 112552, at *2 (S.D.N.Y. Jan. 4, 2023). The lodestar method "estimates the amount of the fee award by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate." Id. (citations omitted). The fee applicant bears the burden of showing the reasonableness of the rates requested. Allende v. Unitech Design, Inc., 783 F. Supp. 2d 509, 512 (S.D.N.Y. 2011). "The court may adjust base hourly rates to account for case specific variables such as the complexity of the issues and attorneys' experiences." Advanced Analytics, Inc. v. Citigroup Glob. Markets, Inc., No. 04-cv-3531 (LTS) (SLC), 2020 WL 91504, at *3 (S.D.N.Y. Jan. 8, 2020).

In determining the reasonableness of rates, the Court also considers the *Johnson* factors:

"(1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the

attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases."

(RC) 2 Pharma Connect, LLC, 2023 WL 112552, at *2 (citation omitted). "A district court need not recite and make separate findings as to all twelve *Johnson* factors, provided that it takes each into account in setting the attorneys' fee award." Id. (citation omitted). District Courts have broad discretion to determine the reasonableness of rates, and a district court's fee award is reviewed for abuse of discretion. Pasini v. Godiva Chocolatier, Inc., 764 F. App'x 94, 95 (2d Cir. 2019).

## DISCUSSION

At the outset, this Court granted sanctions in the Prior Order for the failure of Menexas to sit for a deposition. See Prior Order. While Defendants raise substantive issues with the deposition of Menexas, Dkt. No. 172, that is beyond the scope of the Prior Order. This Court is determining the imposition of sanctions for the missed deposition and will therefore consider only those costs and fees, and hours spent on the sanctions motion.

Defendants seek reimbursement for (i) 5.25 hours of work completed by Evan Michailidis, a law partner with over 15 years of practice experience, at a rate of $730 per hour; (ii) 6.25 hours of work completed by Vanessa Destime, an associate with

4

five years of litigation experience, at a rate of $550 per hour, another 71.25 hours of work completed by Vanessa Destime at a rate of $595 per hour; (iii) 4.25 hours of work completed by Brooke Burschlag, a paralegal with over seven years of experience at a rate of $395 per hour; and (iv) 8 hours of work completed by Veronica Velasco, a paralegal with over five years of experience, at a rate of $395 per hour. Def. Reply. As summarized previously, Defendants seek a total of $54,502.50 in attorneys' fees. With respect to costs, Defendants seek $6,130.43 for costs related to travel, printing, and deposition costs for the missed deposition. Def. Reply at 1.

### A. Reasonableness of Hours Billed

The legal work for which the Court granted sanctions were fees associated with preparing the motions for sanctions, as well as costs incurred due to the missed deposition including: the court reporter, travel, and exhibit binder costs. Prior Order at 6-7. Plaintiff argues that Defendants' billing is grossly exaggerated because Def. Initial Request included time billed unrelated to the missed deposition and motions for sanctions. Pl. Opp. at 4-6. This Court agreed with Plaintiff that Def. Initial Request did not comport with the Prior Order.

Plaintiff suggests that Defendants' practice of billing in 15-minute increments leads to exaggerated billing and Defendants' counsel spent an unreasonable amount of time on bringing the motions for sanctions at issue. Pl. Opp. at 5-6. "In determining whether an excessive amount of time was expended on the matter, the Court may consider, *inter alia*, the nature and quality of the work submitted by counsel in connection with the litigation. . . as well as the degree of counsel's success."

Powell v. Metro One Loss Prevention Servs. Grp. (Guard Div. NY), Inc., No. 12-cv-4221 (LAP) (DF), 2015 WL 9287121, at *2 (S.D.N.Y. Feb. 5, 2015) (internal citations omitted). Here, Defendants administratively planned and sat for the missed deposition, prepared multiple submissions in support of the motion for sanctions, see Dkt. Nos. 166, 172, and 187, and were ultimately successful in recovering some of the fees and costs expended. Additionally, the entries are sufficiently detailed for the Court to determine that the work completed was reasonable and relevant to the sanctioned conduct.

However, this Court does not find a total of 77.5 hours billed by Vanessa Destime to be reasonable for drafting sanctions motions and administrative preparation for a deposition. Defendants filed a relatively straight forward motion for sanctions for the missed deposition, Dkt. No. 172. Destime billed over 18 hours for drafting the motion and such time did not include time spent on research and revision. Def. Reply, Exhibit 1, at 4. "[C]ourts have endorsed percentage cuts as a practical means of trimming fat from a fee application." Winklevoss Capital Fund, LLC v. Shrem, 360 F. Supp. 3d 251, 257 (S.D.N.Y. 2019) (quoting S.E.C. v. Byers, 590 F.Supp.2d 637, 648 (S.D.N.Y. 2008)). Plaintiff objects to the over 80 hours spent for bringing the motion for sanctions, Pl. Opp. at 6, but does not propose an alternative. This Court finds that a 50% reduction in the associate's billing is appropriate to remedy the reasonableness of hours billed. Therefore, this Court will reduce the associate's hours from 77.5 to 38.75.

### B. Reasonableness of Hourly Rates

The burden is on Defendants to prove that hourly rates are reasonable and "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." Blum v. Stenson, 465 U.S. 886, 895 n.11 (1984). "The court may adjust base hourly rates to account for case specific variables such as the complexity of the issues and attorneys' experiences." Advanced Analytics, Inc. v. Citigroup Glob. Markets, Inc., 2020 WL 91504, at *3 (S.D.N.Y. Jan. 8, 2020).

Plaintiff argues that Defendants failed to meet the burden of establishing the reasonableness of rates claimed. Pl. Opp. at 2. Plaintiff further alleges that partners at national law firms are typically awarded rates between $500-$700 per hour, junior associates rates are typically awarded around $250 per hour, and paralegal rates are typically approved at rates of $150-$200 per hour. Pl. Opp. at 3; see, e.g., (RC) 2 Pharma Connect, LLC v. Mission Pharmacal Co., 2023 WL 112552, at *2 (S.D.N.Y. Jan. 4, 2023). Defendants counter that the District has approved higher rates where the case "involves complex issues regarding software and trade secrets[.]" Def. Reply at 2 (citing Advanced Analytics, Inc. v. Citigroup Glob. Markets, Inc., 2020 WL 91504, at *6 (S.D.N.Y. Jan. 8, 2020)). Additionally, Defendants cite that District Courts have "broad discretion" to determine whether an hourly rate is reasonable and have found rates ranging from $250 to $1,055 per hour to be reasonable. Def. Reply at 1 (citing U.S. Bank Nat'l Ass'n v. Dexia Real Est. Cap. Markets, No. 12-cv-9412 (PAE), 2016 WL 6996176, at *8 (S.D.N.Y. Nov. 30, 2016)). Defendants rely on the complexity of

the case to argue that this District has held higher rates as reasonable. Def. Reply at 2.

Regarding the partner rate, as Defendants argue, the best evidence of a reasonable hourly rate is ordinarily the attorney's customary billing rate for fee-paying clients. See Doe 1 v. E. Side Club, LLC., No. 18-cv-11324 (KPF), 2023 WL 4174141, at *6 (S.D.N.Y. June 23, 2023). Additionally, this Court has found rates of up to $850 reasonable for partners even at "smaller firms[.]" United States ex rel. Nichols v. Computer Scis. Corp., 499 F. Supp. 3d 32, 41 (S.D.N.Y. 2020). Given the case-specific analysis of the *Johnson* factors here, including partner Evan Michailidis' over fifteen years of experience, the prevailing partner rates in this District, and the customary billing rate paid by clients, this Court finds the $730 hourly rate for the Evan Michailidis' work reasonable.

With respect to the associate rate, Defendants ask this Court to find rates of $550 and $595 for an associate with approximately five years of experience reasonable. While the customary billing rate paid by clients may weigh in favor of reasonableness, other *Johnson* factors show that the requested rates are excessive and must be reduced. Beginning with the prevailing rates in this District, even the United States ex rel. Nichols case cited by Defendants only upheld associate rates between $425-500 as reasonable. Id. at 41. Further, "[i]n this district, the range of awarded rates for associates with approximately five years of experience has been between $250 and $350." Dimopoulou v. First Unum Life Ins. Co., No. 1:13-cv-7159 (ALC), 2017 WL 464430, at *3 (S.D.N.Y. Feb. 3, 2017). In (RC) 2 Pharma Connect,

LLC v. Mission Pharmacal Co., 2023 WL 112552, at *4 (S.D.N.Y. Jan. 4, 2023), this Court reduced the rates of an associate with three to four years of experience to $250.

While the associate in this action has an impressive resume, the hourly rate is excessive compared to similar awards based on the attorney's years of experience. Additionally, given the lack of novelty of the questions presented on motions for sanctions under Fed. R. Civ. P. 37, this Court is not persuaded that a higher rate is warranted. Therefore, based on an analysis of the *Johnson* factors, the associate rate for Vanessa Destime is reduced to $350 per hour.

Turning to the paralegal rate, "[c]ourts in this district typically approve paralegal hourly rates between $150 and $200." 1979 Fam. Tr. Licensor, LLC v. Darji, No. 19-cv-4389 (VEC), 2020 WL 9596279, at *1 (S.D.N.Y. Sept. 30, 2020). Defendants ask the Court to find paralegal rates of $395 reasonable based on their years of experience, but provide no case law to support such high paralegal rates. Considering *Johnson* factors, including the lack of novelty of the issues presented and awards in similar cases, this Court finds that the paralegal rates are excessive. Therefore, the hourly rates for paralegals Brooke Burschlag and Veronica Velasco are reduced to $200 per hour.

### C. Calculation

In light of the Court's findings with respect to the reasonableness of hours billed and hourly rates, this Court calculates the fees owed as follows:

| Time Keeper | Hours Billed | Hourly Rate | Total |
|---|---|---|---|
| E. Michailidis – Partner | 5.25 | $730.00 | $3,832.50 |
| V. Destime – Associate | 38.75 | $350.00 | $13,562.50 |
| B. Burschlag – Paralegal | 4.25 | $200.00 | $850.00 |
| V. Velasco – Paralegal | 8 | $200.00 | $1,600.00 |
| | | **Total Fees** | **$19,845.00** |

Upon review, this Court is satisfied that the costs of $6,130.43 requested by Defendant include costs contemplated by the Prior Order.

## CONCLUSION

For the foregoing reasons, Defendants are awarded $19,845.00 in attorney's fees and $6,130.43 in costs.

SO ORDERED.

DATED:   New York, New York
         November 15, 2023

*Jennifer E. Willis*
JENNIFER E. WILLIS
United States Magistrate Judge