

April 4, 2024

> The Court attempted to assist the parties in their efforts to settle this case, to no avail. While the Court encourages the Plaintiff to continue to discuss settlement in good faith with Defendant, that is up to Plaintiff. However, <u>the trial date in this case will not move for any reason whatsoever</u>. So the parties, including their clients, will need to devote significant time and resources to this matter in the next two months.
>
> The Clerk of Court is directed to terminate the motion at Dkt. 256.
>
> SO ORDERED.
>
> Arun Subramanian, U.S.D.J.
> Date: April 5, 2024

**VIA ECF**
The Honorable Arun Subramanian
United States District Judge
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Courtroom 15A
New York, NY 10007

RE: <u>Skyline Risk Mgmt., Inc. v. Legakis, et al.</u>
<u>Case No. 20-cv-08395-PGG-JW</u>

Dear Judge Subramanian:

We write regarding the Court's February 6, 2024 Order, Dkt. No. 253. The February 6 Order provided that "plaintiff should follow up with the insurer prior to the conference and provide the Court and parties with an update **by February 9, 2024 at 5:00 PM**." (emphasis added). While the Court cancelled a settlement conference scheduled for February 9, it did not relieve Plaintiff of its duty to reach out to its insurance carrier and provide an update by that date. *See* Dkt. No. 254.

To date, Plaintiff has not followed up with any additional updates regarding its discussions with its insurance carrier regarding coverage in this case. Plaintiff's counsel last provided an update to Defendants on February 28, 2024 – demonstrating an awareness that this was a continuing obligation – but defense counsel's requests for an update since then have gone ignored. Given Plaintiff's history of non-compliance with Court orders, the Court should order additional compliance measures to ensure that this information is provided to both Defendants and the Court in a timely fashion. Time is of the essence as trial is scheduled for less than two months from today. Additionally, as discussed with the Court previously, settlement of some or all of the claims, potentially obviating the need for a trial on the Court's calendar, could be possible, but efforts to settle the case would be fruitless without Plaintiff's cooperation and compliance with its Court-mandated obligation to provide insurance coverage information.

Defendants therefore request that Plaintiff be ordered to provide insurance coverage information, as previously mandated, by no later than Thursday, April 11, 2024 at 5:00 PM so that the parties can either begin settlement talks in earnest or plan for trial on whichever claims remain after the Court renders its decision on the parties' summary judgment motions. Additionally, if Plaintiff is unable to provide the information or the insurance carrier is not providing coverage in this case, Plaintiff should be ordered to provide an under-oath account of their efforts and proof of non-coverage. Further, if Plaintiff's position is still that it would be unable to satisfy any money judgment



rendered against it, Plaintiff should also be ordered to provide a sworn statement regarding its inability to satisfy any judgment if one was rendered in Defendants' favor.

Very truly yours,

*/s/ Evan Michailidis*

Evan Michailidis